**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **1. CARLETTA SHAW,** <br> **Plaintiff,** <br> **v.** <br> **2. COMMERCIAL RECOVERY SYSTEMS, INC.,** <br> **Defendant.** | **12-CV-409-JHP-TLW** |

## COMPLAINT

NOW COMES the Plaintiff, CARLETTA SHAW, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. CARLETTA SHAW, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Tulsa, County of Tulsa, State of Oklahoma.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Citibank (hereinafter "the Debt").

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. COMMERCIAL RECOVERY SYSTEMS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Oklahoma. Defendant is incorporated in the State of Texas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about February 20, 2012, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt.

15. Plaintiff answered the aforesaid telephone from Defendant wherein Defendant asked to speak to Plaintiff.

16. Plaintiff then identified herself.

17. Defendant's duly authorized representative then identified herself as "Miss Shaw" and Defendant stated that it was calling Plaintiff in relation to the Debt.

18. Defendant further told Plaintiff that it was calling in an attempt to collect the Debt.

19. Plaintiff informed Defendant that she could not speak to Defendant at that time.

20. Plaintiff further told Defendant that she had to go to work and that was why she could not speak to Defendant at that time.

21. At no time during the course of the aforesaid telephone call between Plaintiff and Defendant did Defendant's duly authorized representative provide Plaintiff with information relative to Defendant's identity.

22. The parties then ended the aforesaid telephone call when Plaintiff disconnected the telephone call with Defendant.

23. Immediately after Plaintiff disconnected the aforesaid telephone call, on that same day, despite being advised by Plaintiff that it was an inconvenient time to discuss the Debt, Defendant initiated another telephone call to Plaintiff in a further attempt to collect the Debt.

24. Defendant then left a voicemail message for Plaintiff.

25. At no time during the course of the aforesaid voicemail message did Defendant state it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

26. During the course of the aforesaid voicemail message, Defendant's duly authorized representative stated "Miss Shaw, I guess we got disconnected. I need to speak to either you or your attorney."

27. At no time during the course of the aforesaid voicemail message did Defendant's duly authorized representative provide Plaintiff with information relative to Defendant's identity.

28. At no time during the course of the aforesaid voicemail message did Defendant's duly authorized representative provide Plaintiff with information relative to her individual identity.

29. Defendant then provided a telephone number at which Plaintiff could contact Defendant.

30. The telephone number Defendant provided to Plaintiff was Defendant's telephone number.

31. Plaintiff ascertained the aforesaid voicemail message was left by Defendant as a result of Defendant having provided Plaintiff with its telephone number.

32. During the course of the aforesaid voicemail message, Defendant provided Plaintiff with a putative "court case number" to which Plaintiff was to refer upon returning Defendant's telephone call.

33. During the course of the aforesaid voicemail message, Defendant further stated to Plaintiff "Miss Shaw, if I do not hear from you today I have to make this decision without you."

34. Plaintiff heard the contents of the voicemail message left by Defendant for Plaintiff.

35. Subsequent to Plaintiff having received the aforesaid voicemail message, on that same day, Plaintiff initiated a telephone call to the telephone number left on the voicemail message by Defendant.

36. Plaintiff then engaged in a telephone conversation with a duly authorized representative who identified herself as a supervisor at Defendant.

37. Plaintiff asked Defendant to provide her with information regarding the court case pending against her referenced by Defendant on the voicemail message it left for Plaintiff.

38. To date, Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

39. Defendant, by providing Plaintiff with a court case number and informing her that she had to contact Defendant by the end of that same day, as delineated above, had the effect of conveying to an unsophisticated consumer that Defendant had filed a lawsuit against Plaintiff in relation to the debt on which it was attempting to collect.

40. Defendant's representation that it had filed a lawsuit against Plaintiff in relation to the debt on which it was attempting to collect was false, deceptive and/or misleading given at the time Defendant made the aforesaid representation no lawsuit had been filed against Plaintiff with respect to the debt on which Defendant was attempting to collect.

41. Defendant's representation that it had filed a lawsuit against Plaintiff in relation to the debt on which it was attempting to collect misrepresented the character, nature and/or legal status of the debt on which it was attempting to collect given at the time Defendant made the aforesaid representation no lawsuit had been filed against Plaintiff with respect to the debt on which Defendant was attempting to collect.

42. Defendant's representation that it had filed a lawsuit against Plaintiff in relation to the debt on which it was attempting to collect was a statement made by Defendant to Plaintiff in an attempt to coerce Plaintiff into making a payment to Defendant.

43. In or around February 2012, subsequent to Plaintiff's communications with Defendant, as delineated above, Plaintiff initiated a telephone call to Defendant.

44. Plaintiff then engaged in a telephone conversation with Defendant's duly authorized representative who identified herself as "Miss Shaw."

45. Plaintiff told Defendant that she wanted Defendant's address and its facsimile number so that Plaintiff could send a written dispute to Defendant relative to the Debt.

46. Defendant refused to provide Plaintiff with the contact information requested by Plaintiff.

47. During the telephone call between Plaintiff and Defendant, Defendant did not provide Plaintiff with its contact information.

48. During the telephone call between Plaintiff and Defendant, after Plaintiff asked Defendant for its contact information Defendant's duly authorized representative intentionally disconnected the telephone call.

49. Defendant's conduct in refusing to provide Plaintiff with its contact information so that Plaintiff could provide Defendant with a written dispute regarding the Debt, as delineated above, was unfair and/or unconscionable.

50. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

51. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

52. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CARLETTA SHAW, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**CARLETTA SHAW**

By: s/ David M. Marco
Attorney for Plaintiff

Dated: July 24, 2012

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us